UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MICHAEL BERRY, Individually and on Behalf of All Others Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KiOR, INC., FRED CANNON, and JOHN K. KARNES,<br><br>Defendants. | Civil Action No.: 4:13-cv-02443 (LHR) |

Lead Plaintiffs submit this response to the Court's Order of November 14, 2014 (Dkt. 77), requesting the parties to address the impact of KiOR's bankruptcy stay on the claims against the individual defendants Fred Cannon and John Karnes. The parties do not agree as to the impact of the bankruptcy stay, and further do not agree as to whether the hearing currently scheduled for Tuesday, November 25, 2014, should proceed.

**1. Lead Plaintiffs' Position On Automatic Stay**

    **a. The Stay Does Not Extend to Cannon and Karnes**

Whether or not the automatic stay applies to non-debtors, such as Cannon and Karnes, will depend on facts currently unknown to Lead Plaintiffs and/or before the Court. Specifically, the terms of the applicable directors' and officers' ("D&O") insurance policies are critical in the analysis as well as the role, if any, of Cannon and Karnes in the reorganization of KiOR and the administration of its bankruptcy estate.

While Lead Plaintiffs have not yet been provided copies or details of KiOR's D&O liability insurance policies, the proceeds of such D&O policies are most often not assets of the

1

bankruptcy estate.[1] *See Youngstown Osteopathic Hosp. Ass'n Ventresco*, 271 B.R. 544, 550 (Bankr. D. Ohio. 2002) (insurance proceeds were not property of the estate because "'D&O polices are obtained for the protection of the individual directors and officers. Indemnification coverage does not change this fundamental purpose.'") (quoting *Ochs v. Lipson*, 238 B.R. 9, 13 (Bankr. E.D.N.Y. 1999)). That Cannon and KiOR may have indemnification from KiOR at some point in the future does not change the outcome. *See In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1399 (5th Cir. 1987) (finding that insurance policy proceeds that covered the debtor's indemnification obligations were not property of the estate because they only benefited the directors and officers); *In re World Health Alternatives,* 369 B.R. 805, 810 (Bankr. D. Del. 2007) ("insurance policy proceeds are not property of the estate where a debtor, is covered for indemnification, but indemnification 'either has not occurred, is hypothetical, or speculative.'").

Lead Plaintiffs have already requested that the defendants provide copies of the relevant D&O policies. Once the D&O policies are received, Lead Plaintiffs will be better informed to determine whether or not the bankruptcy stay should apply as to Cannon and Karnes. If the policy proceeds are not part of the estate, then the stay may not be applicable to Cannon and Karnes at any point during the course of this litigation, whether that be now or later during discovery. Indeed, if this case were to proceed to discovery, it would not adversely impact the orderly administration of KiOR's bankruptcy. Defendant Karnes is no longer employed with KiOR. KiOR was duty-bound to segregate and preserve documents relevant to this case under

---

[1] Typical D&O polices provide multiple insuring agreements. As their names imply, such policies provide insurance coverage against directors and officers of the company and also provide corporate liability insurance which covers losses of the company including from any securities claims. The typical D&O policy includes a priority of payments requiring the insurance proceeds to be paid on directors and officers liability coverage first, with any remaining funds to be used to pay corporate liability insurance.

the automatic stay provisions of the PSLRA. 15 U.S.C. § 78u-4(b)(3)(C). Many of the documents relevant to this case have been collected, reviewed, and vetted by KiOR due to the fact that it has been engaged in discovery with the SEC in connection with the SEC's investigation concerning the same subject matter of this case.

KiOR, however, is still a party to the case. This may potentially impact the applicability of the automatic stay to this proceeding, including whether it may proceed against Cannon and Karnes. This is especially relevant in light of Lead Plaintiffs' intent to amend the operative pleading to add additional claims against KiOR, among others. Lead Plaintiffs intend to continue to discuss with counsel for the individual defendants and KiOR the best manner to prosecute the expanded claims while being mindful of the bankruptcy process and the automatic stay.

### b. The Hearing Scheduled for Tuesday, November 25, 2014, Should Not Proceed

On September 24, 2014, Lead Plaintiffs moved for Leave to File a Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d) to Plead Previously Unavailable Facts or, in the alternative, Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) (the "Motion for Leave"). (Dkt. 70) Lead Plaintiffs' Motion for Leave is set for a hearing on November 25, 2014 at 2:30 p.m.

Subsequent to filing the Motion for Leave, Lead Plaintiffs discovered new facts through the course of an interview with a new confidential witness. This new confidential witness was principally involved in the development of KiOR's cellulosic biomass conversion technology and was employed with KiOR from approximately early-2007 through October 2013 as the Company's Senior Fellow Scientist. The confidential witness confirms that KiOR's production capabilities were materially different than represented by the Company to the public. Further,

the confidential witness alerted KiOR's executive management that the Company was making false and/or misleading statements both prior to and after the statements were made. In addition to the misrepresentations and omissions identified by Lead Plaintiffs in their Second Amended Complaint, the new confidential witness identifies additional false and/or misleading statements and omissions dating back to the Company's initial public offering documents. The information obtained from the new confidential witness both corroborates and provides further information relating to statements contained within Paul O'Connor's resignation letter (*i.e.*, the subject of the Motion for Leave currently pending) as well as the other confidential witness statements already contained within the Second Amended Complaint.

Lead Plaintiffs intend to seek leave to amend the Second Amended Complaint. Lead Plaintiffs' amendment will include the allegations based on the new confidential witness discussed above as well as the allegations introduced in the pending Motion for Leave. As such, the anticipated amendment will include allegations against Cannon, Karnes, KiOR, and potentially new defendants, as well as expand the class period. Given the significance of these new allegations and the potential addition of new defendants, Lead Plaintiffs believe it would be inefficient to proceed in a piecemeal fashion by considering a motion to dismiss directed at a soon-to-be obsolete complaint. Further, Lead Plaintiffs are mindful of the automatic stay currently impacting this action against KiOR and do not wish to violate it. Accordingly, Lead Plaintiffs respectfully submit that the hearing scheduled for Tuesday, November 25, 2014, be adjourned so as to provide Lead Plaintiffs with an opportunity to seek relief from the automatic stay as against KiOR for the purposes of filing the anticipated amended complaint and responding further to the defendants' motions to dismiss.

4

### 2. Defendants' Position On Automatic Stay

The parties participated in a conference call and exchanged several e-mails prior to the filing of this statement. During the course of these communications, Defendants advised Lead Plaintiffs that they were currently unable to provide Lead Plaintiffs information pertaining to the relevant D&O policies; wished to proceed with the upcoming hearing as scheduled; held no position with respect to the applicability of the bankruptcy stay as to Cannon and Karnes, but rather reserved all rights to enforce the stay after consideration of the motions; and intended to oppose any motion to further supplement the complaint. Accordingly, the parties were unable to come to an agreement on any of the above issues.

Defendants Cannon and Karnes have indicated to Lead Plaintiffs that they intend to file separate statements regarding the above issues, and that Lead Plaintiffs are not authorized to make any representations on their behalf.

Dated: November 21, 2014  Respectfully submitted,

**LEVI & KORSINSKY LLP**

By: ___/s/ Adam Apton___
Nicholas I. Porritt (*admitted pro hac vice*)
Adam M. Apton (*admitted pro hac vice*)
1101 30th Street, NW, Suite 115
Washington, DC 20007
202-524-4290 (phone)
202-333-2121 (fax)

*Co-Lead Counsel*

[Additional counsel on following page.]

**THE ROSEN LAW FIRM, P.A.**

By:    /s/ Phillip Kim
Lawrence M. Rosen, (*admitted pro hac vice*)
Phillip Kim (*admitted pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
212-686-1060 (phone)
212-202-3827

*Co-Lead Counsel*

**GASCOYNE & BULLION, P.C.**

By:    /s/ James Gascoyne
James Gascoyne (Fed No. 1980 / Tx. No. 07744800)
77 Sugar Creek Center Blvd.
Sugar Land, Texas 77478
281-340-7000 (phone)
281-340-7001 (fax)

*Liaison Counsel*

4814-5082-9856, v. 2