IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVE CARLTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FRED CANNON, *et al*., <br><br> Defendants. | Civil Action No.: H-15-012 |

## MEMORANDUM OF LAW IN SUPPORT OF OPPOSED MOTION FOR LEAVE TO FILE AN AMENDED PLEADING PURSUANT TO FED. R. CIV. P. 15(a)(2)

Lead Plaintiffs Dave Carlton and Sharon Kegerreis (collectively, the "Plaintiffs") file this Memorandum of Law In Support of the Motion for Leave to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(2). A copy of the proposed amended pleading is filed herewith (the "Amended Pleading").

The purpose of the Amended Pleading is to include additional facts that only recently became known to Plaintiffs as a result of a civil action filed by the U.S. Securities Exchange Commission ("SEC") against Defendant Fred Cannon ("Cannon") and Mard, Inc. f/k/a KiOR, Inc. ("KiOR") on September 26, 2016. These additional facts support claims made by Plaintiffs earlier in the action which the Court decided to dismiss in its order dated May 4, 2016 (Dkt. No. 113) (the "Dismissal Order"). Given the significance of these new facts along with the importance of the claims to which they relate, Plaintiffs stand to be severely prejudice if leave to amend is *not* granted at this stage.

Specifically, Plaintiffs intend to show at trial that KiOR should never have been a public

1

company because its core technology was never fully developed and in no way ready for commercial use. These new facts, which come from the SEC's complaint against Cannon and KiOR and which were unknown to Plaintiffs previously, provide Plaintiffs with enough information to show that the particular problems impacting KiOR's biofuel production at the time of the Company's initial public offering continued throughout the class period. On this basis, the losses Plaintiffs and other investors suffered during the class period were uniquely caused by the risks concealed by Cannon and KiOR at and around the time of the initial public offering.

Based upon these facts, Plaintiffs will seek to hold Defendants liable for a class period beginning with the Company's initial public offering on June 24, 2011. Under the Dismissal Order, Plaintiffs are unable to pursue this theory because the Court held that misstatements prior to November 8, 2012 are not actionable due to a failure to plead loss causation. Plaintiffs respectfully request that their motion be granted in its entirety, and that leave be given to file the Amended Pleading in substantially similar form for the purpose of rectifying the loss causation issue identified by the Court in the Dismissal Order.

## BACKGROUND

Plaintiffs filed the Third Amended Class Action Complaint—the operative pleading—on February 13, 2015 (Dkt. 86) (the "Complaint"). Plaintiffs' Complaint alleges violations of the Securities Exchange Act of 1934 against Defendants. Plaintiffs' allegations are premised upon a number of material misrepresentations and omissions concerning KiOR's key operating facility, *i.e.*, the Columbus Facility, and its ability to produce biofuel. Specifically, Plaintiffs allege that Defendants' production estimates with respect to the Columbus Facility were impossible and baseless given the fact that severe design and operational problems had been impacting the

Columbus Facility on a substantive level. Defendants moved to dismiss the Complaint on March 27, 2015 (Dkt. Nos. 92, 93, 94).

On May 4, 2016, the Court denied in part and granted in part Defendants' motions to dismiss. As is relevant to the instant motion, the Court granted Defendant Fred Cannon's motion with regard to allegations arising from statements he made and/or approved prior to November 8, 2012. These statements related primarily to development milestones KiOR had supposedly achieved at its demonstration unit (prior to operating the commercial unit in Columbus, Mississippi). The Court dismissed these statements on the basis that Plaintiffs had failed to sufficiently plead loss causation, a required element in actions under Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Dismissal Order at 37.

On September 26, 2016, three weeks ago, the SEC filed a civil action against Cannon and KiOR. The action was styled *U.S. Securities and Exchange Commission v. Mard, Inc. f/k/a KiOR, Inc.*, Civil Docket No. 4:16-cv-02880 (GHM). The SEC's complaint alleged: that, beginning in April 2011 with the filing of KiOR's registration statement for its initial public offering, KiOR and Cannon claimed that the company had "achieved" yields of 67 gallons of fuel per ton of biomass; that KiOR and Cannon, however, did not disclose that this yield was based on significant assumptions about technologies that remained under development; that absent these assumptions, internal KiOR documents reflected test results with yields of approximately 18-30 percent less than the disclosed yield; that Cannon signed and approved the registration statement and subsequent filings that continued to tout the 67 gallon yield figure without disclosing the underlying assumptions; and that KiOR and Cannon knew or should have known that disclosure of these assumptions was necessary to provide complete and accurate information to KiOR investors about the actual yield. KiOR and Cannon consented to the

3

allegations in the SEC's complaint and, on September 29, 2016, the Honorable Gray H. Miller entered final judgments against KiOR and Cannon requiring *inter alia* Cannon to pay a civil penalty of $100,000.

With these new facts Plaintiffs have amended the Complaint to remedy the pleading deficiencies relating to Cannon's statements about the demonstration unit. As stated by the Court in the Dismissal Order, Plaintiffs' Complaint failed to identify the release of information or otherwise explain how the market came to know that Cannon's statements about past development milestones (*i.e.*, yields and costs at the demonstration unit) were false or misleading. The Amended Pleading now contains several paragraphs of allegations explaining precisely how the market suffered loss as a result of Cannon's misrepresentations concerning KiOR's supposed development accomplishments. Specifically, as alleged in the Amended Pleading, each time KiOR and Cannon disclosed that the Company had failed to produce biofuel in accordance with previous estimates, it became more and more evident that the statements made by Cannon and KiOR about past development accomplishments were false. Moreover, as Cannon and KiOR continued to represent to investors that the Company's failure to produce the biofuel was not because of the Columbus Facility or the Company's technology, these assurances became less and less meaningful to investors and, instead of preserving the Company's credibility, operated as a concession to investors that the Company was unable to produce biofuel in the manner that it had claimed at the time of the initial public offering. The SEC's complaint shows that the problems impacting the Company's production capabilities at or around the time of the initial public offering continued throughout the class period and, therefore, remained responsible for the Company's inability to produce fuel as it had claimed in the registration statement.

Plaintiffs' loss causation allegations are cogent, compelling, and most importantly supported by law. *See*, *e.g.*, *KB Partners I, L.P. v. Pain Therapeutics, Inc.*, No. A-11-CA-1034-SS, 2015 U.S. Dist. LEXIS 78120, at *35 (W.D. Tex. June 16, 2015); *Vodicka v. Barlin*, No. A-10-CA-076-SS, 2010 U.S. Dist. LEXIS 103700, at *35-*36 (W.D. Tex. Sep. 29, 2010).[1] Had Plaintiffs possessed the above information back in February 2015 when they filed the Complaint, Plaintiffs would have pleaded these facts in support of loss causation. Accordingly, given that Plaintiffs have now come into possession of this information, leave to amend should be granted.

## ARGUMENT

### Plaintiffs' Should be Granted Leave to File the Amended Pleading

Plaintiffs request that the Court grant Plaintiffs leave to file an amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2). Rule 15(a)(2) explicitly provides that leave to amend "should be freely given when justice so requires." Courts have reaffirmed that leave to amend should be granted unless there is a "substantial reason" to deny the request. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *Lopez v. Sovereign Bank, N.A.*, No. H-13-1429, 2014 U.S. Dist. LEXIS 43861, at *9 (S.D. Tex. Mar. 31, 2014). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962). The primary factors relied upon by the Fifth Circuit and this Court are whether the amended (1) is in bad faith; (2) will cause undue delay; (3) is prejudicial; or (4) is futile. *See United States ex rel. Adrian v. Regents of University of California*, 363 F.3d 398, 403 (5th Cir. 2004) (quoting *Foman*, 371 U.S. at 182). These factors

---

[1] *See also Nakkhumpun v. Taylor*, 782 F.3d 1142, 1156 (10th Cir. 2015); *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 513 (2d Cir. 2010); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 550 (8th Cir. 2008); *Ray v. Citigroup Global Mkts., Inc.*, 482 F.3d 991, 995 (7th Cir. 2007).

5

are not implicated in the matter at hand and do not warrant denying Plaintiffs' motion.

<u>No Undue Prejudice</u>: Permitting the Amended Pleading will not cause undue delay and will not unduly prejudice Cannon. The new facts contained in the Amended Pleading were not discovered until just three weeks ago on September 27, 2016. The facts contained in the SEC's complaint, along with Cannon's and KiOR's final judgments, were not publicly available at any point prior. These new facts assist Plaintiffs' efforts to hold Cannon liable for statements made by KiOR in its public filings with the SEC at and around the time of the Company's initial public offering. Specifically, the SEC identified three reasons why KiOR was unable to produce meaningful quantities of fuel at the Columbus Facility, *i.e.*, the "assumptions about certain technologies that were still under development." Furthermore, according to the SEC's complaint, these "assumptions" remained problematic throughout the entire class period. This new information supports Plaintiffs' proposed loss causation allegation that the risks relating to these "assumptions" materialized over the course of the class period, causing the losses suffered by Plaintiffs and other investors. With this new information from the SEC's complaint, Plaintiffs now have sufficient information to prove that the problems affecting KiOR's production at the time of the initial public offering continued throughout the class period.

Plaintiffs have not wasted any time in bringing the instant motion and, therefore, the Amended Pleading would not result in undue delay. *Classic Touch Decor, Inc. v. Michael Aram, Inc.*, No. 15-CV-453, 2015 U.S. Dist. LEXIS 144636, at *30 (E.D.N.Y. Oct. 23, 2015) (finding no undue delay where defendant sought to amend his counterclaim "roughly two months after the Scheduling Order's deadline"); *N. Cal. River Watch v. Ecodyne Corp.*, No. C 10-5105 MEJ, 2013 U.S. Dist. LEXIS 5368, at *11 (N.D. Cal. Jan. 14, 2013) ("Because River Watch sought to amend its pleading within a month after receiving such information, there is no evidence of

undue delay. This factor thus weighs in favor of allowing leave to amend.").

Given Plaintiffs' timely application, Defendants suffer no undue prejudice in allowing the Amended Pleading. Discovery is currently ongoing. The deadline for fact discovery under the Court's current scheduling order is May 28, 2017. Dkt. No. 122 at ¶16. Trial is scheduled for September 18-29, 2017. *Id*. at ¶23. The Amended Pleading will not necessitate changing either of these deadlines (provided the parties cooperate during the discovery phase). Furthermore, the discovery done to date will remain valid under the allegations of the Amended Pleading; in other words, the parties will not need to repeat or re-do any of the discovery done to date. Consequently, Defendants face no undue prejudice from the Amended Pleading. *See Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130-31 (5th Cir. 2015) (undue prejudice not present where plaintiff sought leave to amend "promptly" after discovering new information, which occurred prior to discovery cut-off and dispositive motion deadline).

To the contrary, if leave to amend is not granted then Plaintiffs will be severely prejudiced going forward. Plaintiffs' Complaint initially sought to pursue a class period beginning on June 24, 2011. Under the Dismissal Order, the Court held that misstatements prior to November 8, 2012 were not actionable. The Amended Pleading seeks to cure this issue with additional loss causation allegations which, if accepted, would restore the initial class period and allow Plaintiffs to recover on behalf of a significantly larger class involving many more shares. In sum, Plaintiffs seek to prove at trial that KiOR should never have become a public company given the fact that its technology was not yet developed. Notwithstanding, KiOR was able to become a public company by lying to investors in the course of accessing the public equity markets. Without the Amended Pleading, Plaintiffs will be prevented from holding Defendants accountable on behalf of thousands of investors who purchased their shares early on in the

Company's existence as a public firm. *See Shores v. Sklar*, 647 F.2d 462, 469-70 &n.8 (5th Cir. 1981) (adopting "fraud-created-the-market" theory whereby actors who introduce unmarketable security into market by means of fraud are deemed guilty of manipulation).

No Bad Faith: Plaintiffs are not acting in bad faith or seeking unnecessary delay. Plaintiffs discovered the SEC complaint and final judgments shortly after they were filed. Within roughly one week, Plaintiffs provided a draft amended complaint to Defendants and requested their consent on the instant motion. Defendants did not give their consent and, immediately thereafter, Plaintiffs filed this motion. Given the absence of any indication of bad faith on Plaintiffs' part, the motion should be granted.

The Amended Pleading Is Not Futile: Plaintiffs' new allegations are not futile in terms of pleading loss causation for Cannon's statements about the demonstration unit. In evaluating a plaintiff's burden in the context of pleading loss causation, the Fifth Circuit "conclude[d] that Rule 8(a)(2) requires the plaintiff to allege, in respect to loss causation, a facially 'plausible' causal relationship between the fraudulent statements or omissions and plaintiff's economic loss . . . ." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009) (citations omitted). Plaintiffs' Amended Pleading pleads in detail how and why the market perceived KiOR's statements to be partial revelations of past falsehoods. *See Public Emples. Ret. Sys. of Miss. v. Amedisys, Inc.*, 769 F.3d 313, 320-321 (5th Cir. 2014) (loss causation satisfied where decline in stock price was "more probable than not" caused by corrective disclosure).

Beginning in Paragraph 221, and continuing through to Paragraph 233, Plaintiffs explain that KiOR and Cannon misled investors to believe that (a) KiOR's biomass conversion process was scalable at a commercial level, (b) KiOR could produce certain quantities of crude oil and biofuel at certain costs, (c) the Columbus Facility was functioning as designed and intended and

8

(d) the Columbus Facility was experiencing operational difficulty for reasons not involving the Company's core proprietary biomass conversion technology. Amended Pleading at ¶221. Absent from KiOR's or Cannon's public disclosures, however, was any indication that the Company's past, current, and future production capabilities were based on critical assumptions that were still under development. *Id*. at ¶222. Although KiOR and Cannon withheld these material facts from investors, the truth gradually became known to investors by way of KiOR's repeated failures to produce biofuel in a manner consistent with what it had represented to investors. *Id*. at ¶227.

Plaintiffs' loss causation allegations are supported by the steady, consistent decline in KiOR's stock price during the Class Period. With each passing quarter wherein KiOR failed to produce the amount of biofuel it claimed it would, KiOR's stock price declined. *Id*. at ¶¶230-31. But for KiOR's inability to produce fuel and/or Cannon's intentional failure to disclose the truth about the Columbus Facility's deficiencies (including KiOR's proprietary technology), KiOR's stock price would not have declined in response to disclosures that the Columbus Facility was not producing fuel. *Id.* at ¶227. KiOR's inability to produce biofuel and, importantly, Cannon's failure to disclose this, ultimately caused Plaintiffs' losses. *Id*. at ¶228. The decline in KiOR's stock price was caused by the truth about the Columbus Facility and the Company's core technology slowly leaking out into the market. *Id*. This consequently caused losses for Plaintiffs and other KiOR investors. *Id*.

Plaintiffs' allegations on loss causation are supported by case law and, if challenged on a motion to dismiss, would meet the pleading requirements under Rule 8(a). Importantly, it makes no difference whether the Court chooses to allow a "materialization-of-the-risk" theory of loss causation or loss causation premised upon a corrective disclosure, as the facts support both in the instant matter. "Where the alleged misstatement conceals a condition or event which then occurs

and causes the plaintiff's loss, it is the materialization of the undisclosed condition or event that causes the loss. By contrast, where the alleged misstatement is an intentionally false opinion, the market will not respond to the truth until the falsity is revealed—i.e., a corrective disclosure." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 307 (S.D.N.Y. 2005). Cannon's misrepresentations during the Class Period concealed the fact that KiOR's Columbus Facility was unable to produce biofuel in a manner consistent with past representations. Amended Pleading at ¶¶227-29. KiOR's repeated concessions that it had failed to produce meaningful quantities of biofuel operated as a sign to investors that Cannon's past statements were false. *Id*. at ¶229. Whether these concessions were, in and of themselves, corrective disclosures or a symptom of the underlying risk materializing, Plaintiffs' allegations in the Amended Pleading sufficiently plead loss causation. *See Amedisys, Inc.*, 769 F.3d at 321-22 (holding corrective disclosures can take many forms as long as market reacts); *see also KB Partners I, L.P.*, 2015 U.S. Dist. LEXIS 78120, at *35 (denying motion to dismiss based on materialization-of-the-risk theory); *Vodicka*, 2010 U.S. Dist. LEXIS 103700, at *35-*36 (same).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file the Amended Pleading in substantially the form filed herewith.

Dated:  October 17, 2016    Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: ___/s/ Adam Apton___
Nicholas I. Porritt (*admitted pro hac vice*)
Adam M. Apton (*admitted pro hac vice*)
1101 30th Street, NW, Suite 115
Washington, DC 20007
202-524-4290 (phone)
202-333-2121 (fax)

**THE ROSEN LAW FIRM**
Lawrence M. Rosen (*admitted pro hac vice*)
Phillip Kim (*admitted pro hac vice*)
275 Madison Avenue, 34th Floor
New York, NY 10016
212-686-1060 (phone)
212-202-3827

*Co-Lead Counsel*

**GASCOYNE & BULLION, P.C.**
James Gascoyne
(Fed No. 1980 / Tx. No. 07744800)
77 Sugar Creek Center Blvd.
Sugar Land, Texas 77478
281-340-7000 (phone)
281-340-7001 (fax)

*Liaison Counsel*